Martínez, Plaintiff and Appellant, v. Méndez, Defendant and Appellee.

Appeal from the District Court of Aguadilla in an Action of Revendication.

No. 3198.—Decided April 7, 1924.

Appeal—Pleading—Brief—Tardiness—Continuance.—The tardiness of the appellee in filing his brief · is generally condoned by the court if the brief arrives before the hearing and no prejudice is shown by the appellant. In such a case the penalty frequently is a postponement if the appellant so desires.

Id.—Id.—Setting for Trial—Amendments.—Setting a case for trial after overruling a demurrer to the answer can not be considered as error on the ground that the court did not allow the plaintiff time to amend the complaint, unless it is shown that the amendments were so important that they could not be made at the trial.·

Id.—Id.—Change of Venue—Partiality.—The appellant moved for a change of venue on the ground of partiality in the court. This partiality against the plaintiff consisted in the atmosphere created by reason of various previous suits wherein the appellant lost, some of them being connected with this litigation. Held: That in the absence of proof of the alleged partiality of the court it must be presumed that a court of justice will consider every fresh case on its merits and not bring into it the impressions produced in other litigations.

Id.—Id.—Continuance—Discretion of Court.—In order that the overruling of a motion for a continuance may be a ground for reversal it is necessary to show that the court abused its discretion in overruling the motion.

Id.—Id.—Admission.—A plaintiff is not exempt from proving his case merely because he notifies the other party of the alleged lack of jurisdiction and the defendant does not counter to this writing. The plaintiff was alleging the nullity of a judicial sale and was bound to prove his case; therefore, he could not construe the failure to counter as an admission.

The facts are stated in the opinion.

Messrs. V. P. Martínez and L. Muñoz Morales for the appellant.

Messrs. B. Esteves and Reichard & Reichard for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The appellant objects to the tardiness of the brief of appellee. Generally the court feels bound to condone such tardiness if the brief arrives before the hearing and no prejudice is shown appellant. The penalty frequently in such case is a postponement if appellant so desires.

The technical objection of appellant sends us to appellant's own brief. It fails to contain an assignment of errors as required by our rules, therefore we shall regard some of the principal matters and ignore the immaterial ones.

Appellant complains of the case being set. He seems to think that the court below had no right to proceed without showing jurisdiction over the person of the defendant. The latter, however, appeared and there is no force in this idea. A demurrer to an answer being overruled, the case is ready to be set and we fail to understand how such action of the court is not immediately effective. Nor should the setting be delayed because the complainant wished to amend the complaint, if, as here, the defendant agrees to the amendments.

Appellant complains that the court gave him no time to make the proposed amendments to the complaint, but he does not show us that the amendments were so important that they could not be made at the trial table. The amended paper or pleading might even be filed after the trial *nunc pro tunc,* so long as the parties and the court knew the issues.

Appellant asked for a change of venue on the ground of partiality in the court. This partiality against the complaintant consisted in the atmosphere created by reason of various previous suits, some of them connected with this litigation, wherein appellant lost. It must be presumed however that a court of justice will consider every fresh case on its merits and not bring into it the impressions produced in other litigations. The appellant does not convince us that the district judge was in fact partial.

A continuance is always within the sound discretion of the trial court and appellant does not convince us of an abuse.

We find that the answer to the complaint was sufficient and answered each paragraph of the complaint, even though some of the clauses of the answer made no specific reference

to the corresponding clause of the complaint. The mere fact that a demurrer to a complaint is overruled does not help the case of a complainant at the trial.

A complainant is not exempt from proving his case merely because he notifies the other side of the alleged lack of jurisdiction of certain events and defendant does not counter to this writing. The complainant was alleging the nullity of a judicial sale and was bound to prove his case, and could not construe the failure to counter as an admission. The court below found that the facts showed that the defendant had acquired a title as against complainant by reason of a judicial sale, and we find no error in this finding.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.